IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAY STOCKTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 07-0310-WS-B |
| ) | |
| MUSTIQUE, L.L.C., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the motion for partial dismissal filed by defendant Mustique, L.L.C. (Doc. 44). The parties have submitted briefs and evidentiary materials in support of their respective positions, (Docs. 45, 48, 58), and the motion is ripe for resolution. After carefully considering the foregoing and other relevant materials in the file, the Court concludes that the motion is due to be denied.

## BACKGROUND

According to the complaint, the plaintiff entered an agreement ("the Agreement") with the defendant to purchase a condominium unit in a development situated north of the beach road but with an undeveloped beachfront lot south of the beach road. The central allegation of the amended complaint is that, "[p]rior to entering said Agreement, and in order to induce Purchaser to enter said Agreement, Seller represented to him that Seller had obtained approval from the City of Gulf Shores so as to allow the purchasers of units in the Development access to the Gulf Beach across West Beach Boulevard," when in fact such approval had not been obtained and still has not been obtained. (Doc. 41 at 3, ¶¶ 9-10). Four of the amended complaint's six counts depend upon this allegation:

Count Two:     Interstate Land Sales Full Disclosure Act, (*id*. at 6, ¶ 21);
Count Three:   Fraud, (*id*. at 6-7, ¶ 24);

Count Four:          Breach of warranty, (*id*. at 8, ¶ 30);

Count Six:           Alabama Condominium Act, (*id*. at 9, ¶ 38).

## DISCUSSION

The defendant's motion attacks each of these counts, treating Count Two separately and the other counts together. The Court follows suit.

### I. Count Two.

Count Two alleges that the defendant violated 15 U.S.C. § 1703(a)(2)(B). (Doc. 41 at 6). The defendant argues that this claim is barred by Section 1702(b)(1), which excludes from certain portions of the Act transactions involving fewer than one hundred lots. (Doc. 45 at 5). By its own terms, however, this exemption extends only to the requirements of Sections 1703(a)(1) and 1704-07. To the extent the defendant attempts to argue in its reply brief that the plaintiff cannot establish the elements of this claim, (Doc. 58 at 5), the argument comes too late to be considered. *E.g., Mariano v. Potter*, 2006 WL 907772 at *3 & n.6 (S.D. Ala. 2006).

### II. Counts Three, Four and Six.

The Agreement provides in pertinent part as follows: "The Purchaser acknowledges that ... the Purchaser is not entitled to rely and has not relied upon any oral representations of the Seller or the agents of the Seller that differ in any respect from the written material submitted to the Purchaser concerning the Unit." (Doc. 41, Exhibit A at 3, ¶ 5) ("the Acknowledgment").[1] The defendant argues that the Acknowledgment precludes the plaintiff from establishing the element of reliance necessary to his claims

---

[1]The Agreement is attached to the amended complaint as Exhibit A.

under these counts. (Doc. 45 at 7-9).[2]

The defendant's argument depends upon the threshold assumption that it can establish, on motion to dismiss, that there was no written representation that it had obtained city approval for the purchasers to have beach access across the beach road. This assumption fails for at least three reasons. First, on motion to dismiss, the Court is limited to the complaint, attachments to it, and certain other documents that are both undisputed as to authenticity and central to the plaintiff's claim. *E.g., Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The defendant attaches to its motion two of the seven documents listed in the Agreement as "the 'Condominium Documents,'" (Doc. 41, Exhibit A at 3, ¶ 5), on the grounds that the Agreement "incorporates [them] by reference." (Doc. 45 at 7-8). In fact, while the Agreement mentions these documents, the defendant has not attempted to show that it incorporates them by reference into the Agreement. (Doc. 41, Exhibit A at 3, ¶ 5). Nor has the defendant attempted to show that the documents otherwise satisfy *Day*.

Second, even had these two documents been properly presented on motion to dismiss, the defendant incorrectly assumes that they constitute the universe of "written material submitted to the Purchaser." This cannot possibly be so, since the Agreement lists other documents provided the plaintiff as the Condominium Documents. (Doc. 41, Exhibit A at 3, ¶ 5). Moreover, the term "written material submitted to the Purchaser" is presumably broader than the seven documents the Agreement identifies as constituting the "Condominium Documents," (*id.*), likely extending to all written promotional

---

[2]The defendant presents additional argument concerning a representation that it "would obtain" city approval to use the beachfront lot for beach access. (Doc. 45 at 2, 6-7, 10-11). Because the amended complaint does not allege a promise to obtain city approval but a representation that city approval had already been obtained, the Court pretermits discussion of the defendant's argument.

material.[3]   The defendant of course cannot support its argument that it provided no written representation of city approval to use the beachfront lot for beach access unless it presents to the Court *all* "written material submitted to the Purchaser."  It has not done so.

Third, the amended complaint alleges that the defendant made "written representations produced to Plaintiff" that it had obtained city approval.  (Doc. 41 at 8, ¶ 30).  On motion to dismiss, in light of that allegation the defendant could not establish that it made no such written representation.

The defendant's argument next depends on the proposition that Alabama law precludes the plaintiff from prevailing in the face of the Acknowledgment.  The defendant, however, cited no authority in its principal brief addressing this issue.  In its reply brief (again, too late), the defendant for the first time cited authority, but each of these three cases involved the purchase of used homes sold "as is."  (Doc. 58 at 7).  Alabama follows the rule of "caveat emptor" in the sale of used homes, and the defendant has not attempted to explain why a rule developed in such cases applies here, in a case involving a new home and a different contractual clause.  *See generally Clay Kilgore Construction, Inc. v. Buchalter/Grant, L.L.C.*, 949 So. 2d 893, 897 (Ala. 2006) ("Under a growing body of Alabama caselaw involving circumstances in which the rule of caveat emptor is applicable, a fraud or fraudulent-suppression claim is foreclosed by a clause in a purchase contract providing that the purchaser of real property accepts the property 'as is.'").[4]

---

[3]Because the Acknowledgment states only that the plaintiff does not rely on "any oral representations," it appears to allow him to rely on any written representation, wherever contained.

[4]Although unnoted by the defendant, one of the cases it cites in turn cites an Alabama case that did involve a clause similar to the Acknowledgment.  *Haygood v. Burl Pounders Realty, Inc*., 571 So. 2d 1086, 1089 (Ala. 1990).  *Haygood* does not obviously control here, because: (1) it involved a used home; (2) there was an "as is" clause as well; and (3) the Court's discussion of both clauses was dicta.  Since the defendant does not rely on *Haygood*, the Court need not consider it further.

The defendant argues that, independent of the Acknowledgment, the plaintiff could not rely on its alleged representation that it had obtained city approval to use the beachfront lot for beach access, because the two documents it attaches to its motion to dismiss advised the plaintiff that "[a]ll valid laws, zoning ordinances and regulations of all governmental bodies having jurisdiction shall be observed." Thus, the defendant concludes, the plaintiff was "on notice that [use of the lot for beach access] could be [a]ffected by" a later law or ordinance. (Doc. 45 at 3, 9). Again, however, the defendant has not demonstrated that the Court can review these documents on motion to dismiss. At any rate, the plaintiff's claim is that he was induced to enter the Agreement by a false representation that city approval had already been obtained, not by a false representation that city approval could never be rescinded.

The defendant's remaining arguments — including without limitation its argument under Rule 9(b) — were raised for the first time in reply and so will not be considered.

**CONCLUSION**

Whatever the ultimate resolution of these claims, the defendant's briefing is inadequate to meet its burden of showing that the amended complaint fails to state a claim upon which relief can be granted. For the reasons set forth above, the motion for partial dismissal is **denied**.

DONE and ORDERED this 28th day of August, 2007.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

The defendant also suggests that the Agreement's merger clause precludes any claim based on a misrepresentation lying outside the Agreement. (Doc. 45 at 8). A merger clause, however, limits only claims for breach contract; it does not preclude other claims based on misrepresentations lying outside the contract. *E.g., Infiniti of Mobile, Inc. v. Office*, 727 So. 2d 42, 46 (Ala. 1999).